IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD W. BROOKS, #44230-177,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:16-CV-1680-M-BK |
| | § | (Criminal No. 3:11-CR-250-M-34) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.

**I. BACKGROUND**

In 2012, Petitioner pled guilty to kidnapping (count 4), using, carrying and brandishing a firearm during a crime of violence (count 5), and possessing a firearm following a felony conviction (count 6), and was sentenced to a total term of 204 months' imprisonment (120 months on counts 4 and 6, under the career offender provisions of the United States Sentencing Guidelines, and a consecutive 84-month term on count 5). Crim. Doc. 1303. In January 2013, the Court amended its judgment to include the forfeiture of property. Crim. Doc. 1335. Petitioner did not pursue a direct appeal.

On June 21, 2016, Petitioner initiated this case by filing a *pro se* section 2255 motion, seeking to challenge his conviction for using and carrying a firearm under 18 U.S.C. § 924(c)(1), based on the Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct.

2551, 2563 (2015).[1] Doc. 2. Subsequently, the Federal Public Defender's office (which had been appointed to investigate the applicability of *Johnson*) amended the section 2255 motion to raise a claim that seeks to extend the *Johnson* holding to the residual clause of the career offender provisions of the Sentencing Guidelines (U.S.S.G. § 4B1.2). Doc. 10. Petitioner later filed a *pro se* motion for leave to amend his section 2255 motion to raise a new claim, which the Court **GRANTED**. Relying on *United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017), he argues that his kidnapping conviction cannot be used to support his conviction for using and carrying a firearm under section 924(c)(1). Doc. 13 at 2. The amended section 2255 motion to vacate sentence, as supplemented, is now ripe for review.[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.[3] *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

---

[1] In *Johnson,* the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

[2] The stay of the case pending the Supreme Court's seminal decision in *Beckles* was lifted and while the Government had previously been served, no further briefing was ordered. *See* Doc. 12 (order staying case and vacating deadlines imposed in order to show cause); Doc. 14 (order lifting stay).

[3] The 14-day statutory objection period provides Petitioner the opportunity to respond.

**A. Limitations**

Petitioner's section 2255 motion is clearly untimely. More than three years elapsed between the date his conviction first became final in January 2013 and when he filed his section 2255 motion. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal). And to the extent Petitioner relies on 28 U.S.C. § 2255(f)(3) and the holdings of the Supreme Court in *Johnson* and the Seventh Circuit Court of Appeals in *Jenkins* to overcome the one-year limitations period in section 2255(f)(1), that reliance is misplaced.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson,* ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced, as previously noted, under the career offender provisions of the Sentencing Guidelines (as to counts 4 and 6). The Supreme Court recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines. *See Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 895 (2017) (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Thus, Petitioner's argument is moot.

Moreover, while Petitioner's sentence was also enhanced under the residual provision of 18 U.S.C. § 924(c)(3)(B)[4], the United States Supreme Court has not held that the residual clause of section 924(c)(3) is unconstitutional under its reasoning in *Johnson*. *See In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016) (*per curiam*) (holding that "*Johnson* did not address section 924(c)(3)(B)" and denying authorization to file a successive application); *see also United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) (citing *United States v. Chapman*, 851 F.3d 363, 374-375 (5th Cir. 2017) (*Gonzalez-Longoria* foreclosed defendant's direct appeal argument that section 924(c)(3)(B) is unconstitutionally vague under *Johnson*).[5]   Moreover, the Seventh Circuit opinion to the contrary cited by Petitioner does not advance his argument.  In *United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017), that court held -- in the context of a direct appeal -- that kidnapping is not a crime of violence under either the use-of-force clause or the residual clause of section 924(c)(3) and, thus, the defendant's 924(c)(1) conviction should be reversed and the case remanded for further proceedings.  Even assuming *arguendo* that the holding has precedential value here and is otherwise applicable, in order to overcome the limitations bar applicable to a habeas action under section 2255(f)(3), the right must be one "newly recognized by the Supreme Court."[6]  Again, the United States Supreme Court has not so held.

For the foregoing reasons, Petitioner's section 2255 motion is clearly outside the one-

---

[4] Sub-section 924(c)(3)(B) defines the term "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[5] To the extent Petitioner requests that the Court hold this case in abeyance pending an anticipated Supreme Court decision addressing the constitutionality of section 16(b), *see Lynch v. Dimaya*, 137 S. Ct. 31 (2016), the Court declines to do so because it remains bound by Fifth Circuit precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-158 (5th Cir. 1986).

[6] Sections 2255(f)(2) and (4) are likewise inapplicable.  Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

year statute of limitations absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling is warranted.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**SIGNED** May 22, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE