IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD W. BROOKS, § | |
| MOVANT, § | |
| § | |
| v. § | CIVIL CASE NO. 3:16-CV-1680-M-BK |
| § | (CRIMINAL CASE NO. 3:11-CR-250-M-34) |
| § | |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Ronald William Brooks' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for case management, including issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **DENIED**, but a certificate of appealability should be **GRANTED**.

I.  BACKGROUND

In 2012, pursuant to a plea agreement that included a specific sentence of imprisonment under FED. R. CRIM. P. 11(c)(1)(C), Brooks pled guilty to kidnapping (Count Four), using, carrying and brandishing a firearm during a crime of violence (Count Five), and possessing a firearm following a felony conviction (Count Six) and was sentenced to an aggregate term of 204 months' imprisonment—120 months on Counts Four and Six, under the career offender provisions of the Sentencing Guidelines, and a consecutive 84 months on Count Five under 18 U.S.C. § 924(c). Crim. Doc. 1303. Brooks did not file a direct appeal.

In June 2016, Brooks filed his initial Section 2255 motion, challenging his conviction for

using and carrying a firearm under Section 924(c) based on the Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015).[1] Doc. 2. Following the appointment of counsel, he twice amended the Section 2255 motion to argue that (1) his kidnapping conviction no longer qualified as a crime of violence to support his Section 924(c) conviction and (2) the *Johnson* holding extended to the residual clause of the career offender provisions of the Sentencing Guidelines (U.S.S.G. § 4B1.2). Doc. 4; Doc. 10 at 7; Doc. 13 at 2.

Subsequently, this case was stayed pending the Supreme Court's decision in *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018).[2] Doc. 19. After the *Dimaya* opinion was issued, the Court lifted the stay and ordered the Government to respond. Doc. 21; Doc. 22. Although the Government raised only timeliness under 28 U.S.C. § 2255(f)(3), the parties eventually agreed to stay the case pending the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), which subsequently held the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. Doc. 23; Doc. 31. After *Davis*, the Government was ordered to supplement its response. Doc. 32.

Now, the only issue remaining is whether Brooks can assert a challenge to his 924(c) conviction, as he concedes that the holding in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), forecloses his career-offender claim. Doc. 37 at 1. In its post-*Davis* response, the Government for the first time asserts Brooks' waiver of post-conviction relief in the plea agreement and relies solely on the waiver to defeat his remaining 924(c) claim. Doc. 36 at 5-8.

---

[1] In *Johnson,* the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

[2] In *Dimaya*, the Supreme Court extended its *Johnson* holding to the residual clause definition of aggravated felony at 18 U.S.C. § 16(b) of the Immigration and Nationality Act. *Dimaya*, 138 S. Ct. at 1223.

Brooks replies that (1) the Government's assertion of waiver is untimely, (2) his *Davis* claim is not barred by waiver and, (3) the miscarriage-of-justice exception to waiver applies. Doc. 37 at 2-5.

Upon review, the Court finds Brooks' arguments unavailing and concludes that he has indeed waived his right to bring his *Davis* challenge.

## II. ANALYSIS

The Government acknowledges that, "[a]fter *Davis*, Brooks' Section 924(c) conviction—which is predicated on his conviction for kidnapping, in violation of [18 U.S.C. §] 1201—is problematic because kidnapping as defined in Section 1201 does not satisfy Section 924(c)(3)(A), and Section 924(c)(3)(B) can no longer support it." Doc. 36 at 5. Moreover, the United States Court of Appeals for the Fifth Circuit has held that "*Davis* announced a new rule of constitutional law retroactively applicable on a first habeas petition." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019). And while the Fifth Circuit has yet to decide this issue, other circuit courts have vacated Section 924(c) convictions predicted on federal kidnapping since *Davis*, because kidnapping is not categorically a crime of violence. *See, e.g., Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019); *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019); *United States v. Khamnivong*, 779 F. App'x 482, 484 (9th Cir. 2019); *United States v. Sanford*, 779 F. App'x 568, 570 (10th Cir. 2019). It therefore stands to reason that Brooks' conviction of federal kidnapping in violation of Section 1201(a) cannot support his Section 924(c) conviction.

Nevertheless, because the Government invokes Brooks' waiver of post-conviction remedy as a threshold issue, and the Court determines that the waiver is validly enforced here, Brooks' Section 2255 motion should be dismissed with prejudice.

**A. Government Did Not Forfeit Right to Invoke Post-Conviction Remedy Waiver**

In his plea agreement, Brooks knowingly and voluntarily waived his right to contest his sentence in a post-conviction proceeding, including under 28 U.S.C. § 2255. Crim. Doc. 1011 at 6 ¶ 12. Waivers, however, "must be asserted by the government or be deemed waived, functioning much like affirmative defenses." *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007); *see also United States v. Wiese*, 896 F.3d 720, 722 n. 1 (5th Cir. 2018), *as revised* (Aug. 14, 2018) ("because the Government must invoke an appeal waiver to enforce it and has not done so here, [Movant's Section 2255] action is proper" (citing *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006))). That is because a "'waiver is a contractual matter, and contractual rights may be waived by the failure to assert them.'" *United States v. Acquaye*, 452 F.3d 380, 381 (5th Cir. 2006) (quoting *United States v. Lang,* 440 F.3d 212, 213 (5th Cir. 2006)); *see also Burgess v. United States*, 874 F.3d 1292, 1297, 1299, 1301 (11th Cir. 2017) (concluding "government's response to a § 2255 motion must expressly invoke a collateral-action waiver," otherwise "government may be deemed to have forfeited that defense").

Brooks does not dispute that he was aware of his right to collateral review and that he waived it in the plea agreement. Instead, he argues that the Government invoked the waiver only in its November 2019 supplemental response—the first court-ordered supplemental response following the *Davis* opinion—but not its August 2018 initial response, and it is therefore untimely. Indeed, the Government's initial response to the order to show cause, filed ten months before *Davis*, simply argued, in accordance with then-binding Fifth Circuit precedent, that Brooks could not make the required showing under Section 2255(f)(3) because "[t]he one-year clock on § 924(c)(3)(B) ha[d] not yet started" and the Supreme Court had not yet determined whether Section 924(c)(3)(B) was unconstitutionally vague. *United States v. Williams*, 897 F.3d

660, 662 (5th Cir. 2018) (holding pre-*Davis* "[t]here [was] no 'newly recognized' right for [the movant] to assert"). *Compare* Doc. 36 at 5-8 and Doc. 23 at 4-6.

After *Davis*, however, the legal landscape with respect to the issues presented here entirely changed. The *Williams* holding was no longer relevant to this case.[3] Thus, Brooks' Section 924(c) claim became ripe for consideration. Consequently, the Government effectively had its first opportunity to object to the newly ripened Section 924(c) claim by raising an affirmative defense and/or responding on the merits once the Court lifted the stay post-*Davis* and ordered a supplemental response. The Government chose the former approach, expressly invoking the collateral-attack waiver in its post-*Davis* supplemental response. *Cf. Del Toro-Alejandre*, 489 F.3d at 723 ("there is an implicit assumption that absent word otherwise the government will seek enforcement of a waiver it bargained for ...").

This case is unlike those in which the Government completely failed to rely on the appeal or collateral-remedy waiver and instead briefed the merits. *Cf. United States v. Griffin*, 946 F.3d 759, 761 n.1 (5th Cir. 2020) ("[T]he government forfeited the right to invoke [movant's] waiver by failing to assert waiver in the district court."); *Wiese*, 896 F.3d at 722 n.1 (finding Section 2255 action "proper" because Government did not invoke appeal waiver); *Story,* 439 F.3d at 231 (moving to merits because Government waived appeal waiver issue); *Avalos v. United States*, 1:19-CV-54, 2019 WL 5653855, at *1 n.1 (S.D. Tex. Oct. 3, 2019), *R. & R. adopted*, 2019 WL 5653672 (S.D. Tex. Oct. 31, 2019), *notice of appeal pending*, No. 19-40993 (5th Cir. Dec. 3, 2019) (dismissing Section 2255 motion as untimely because government waived appeal-rights

---

[3] Although the undersigned initially recommended dismissal on limitations grounds before *Dimaya*, it was essentially for the same reason subsequently recognized in *Williams*, Doc. 16. However, that recommendation was later withdrawn and, as mentioned previously, the case was stayed, Doc. 19.

waiver by failing to enforce it); *Delgado v. United States*, 1:16-CV-132, 2016 WL 7839347, at *1 n.2 (S.D. Tex. Dec. 9, 2016), *R. & R. adopted*, 2017 WL 201497 (S.D. Tex. Jan. 17, 2017) (denying Section 2255 on merits because government briefed merits and did not seek specific performance of waiver).  Here, when the Government's procedural argument under *Williams* became moot, it raised Brooks' waiver at the first opportunity.

Even if the Court had not ordered the Government to supplement its response post-*Davis*, the Government still could have sought leave to amend its response to invoke the post-conviction remedy waiver.  Under Federal Civil Procedure Rule 15, the Court has broad discretion to grant leave to amend in a Section 2255 proceeding, and leave "'shall be freely given when justice so requires.'" *See, e.g., United States v. Nabor,* 256 F. App'x 669, 670 (5th Cir. 2007) (quoting FED. R. CIV. P. 15) (per curiam); see also *United States v. Gonzalez,* 592 F.3d 675, 679 (5th Cir. 2009) ("It is well settled that Rule 15 applies to federal habeas proceedings.").  As such, the Court likely would have exercised its discretion to grant the motion.

Based on the foregoing, the Court finds that the Government did not forfeit its right to enforce the collateral-remedy waiver in the plea agreement by failing to invoke it in its pre-*Davis*, initial response.

### B.  Government's Assertion of Waiver Bars Movant's *Davis* Claim

Next Brooks asserts that the Government's assertion of waiver cannot bar his *Davis* claim because "certain rights . . . cannot be waived in a plea agreement" and this Court simply "cannot allow a defendant to plead guilty to a non-existent offense." Doc. 37 at 2-3.  Relying on *United States v. Spruill*, 292 F.3d 207, 215 (5th Cir. 2002), Brooks avers that "[o]nce § 924(c) is stripped of its unconstitutional residual clause, there is no longer an adequate factual basis for conviction under § 924(c)."  Like *Spruill*, he contends that he "pleaded guilty 'with an

understanding of the nature' of the § 924(c) charge, 'but without realizing that his conduct does not actually fall within the definition' of that offense." Doc. 37 at 3-4. His claim is unavailing.

In *Spruill* the factual basis had been amended to contradict one of the essential elements of the offense. *Spruill*, 292 F.3d at 212, 215. Here, contrary to Brooks' assertion, the indictment and the stipulations supporting the plea satisfied the essential elements of the offense to which he pled guilty. Thus, *Spruill* is inapplicable to the circumstances in this case. *See United States v. Jacquez-Beltran*, 326 F.3d 661, 662-63 (5th Cir. 2003) (upholding appeal waiver because indictment and factual resume did not contradict the essential elements of the offense).

The gravamen of Brooks' argument is that he "could not knowingly waive rights that did not yet exist at the time of the waiver." Doc. 37 at 5. He avers that he pled guilty in 2012, long before *Johnson*. Hence, the right subsequently recognized in *Davis* was not available to Brooks at the time he signed the plea agreement and was sentenced. Doc. 37 at 5. However, the Fifth Circuit recently rejected this contention in the context of a Section 2255 claim based on *Johnson*. The Court found the argument was "foreclosed by [Fifth Circuit] precedent" because it had previously "held that 'an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise' a newly recognized constitutional error 'merely because the waiver was made before' the error was recognized." *United States v. Burns*, 770 F. App'x 187, 190-91 (5th Cir. 2019) (quoting *United States v. Burns*, 433 F.3d 442, 450-51 (5th Cir. 2005)).

Brooks also cites *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016), which relied on *United States v. Olano*, 507 U.S. 725, 733, (1993), for the proposition that a defendant can abandon only "known rights" and, thus, that he "could not have intentionally relinquished a claim based on *Davis*, because *Davis* was decided after his plea and sentence[ing]." Doc. 37 at 5. But *McBride* dealt with a Guidelines-specific waiver, not the broad appeal/collateral attack

waiver at issue here. *McBride*, 826 F.3d at 294-95 (noting defendants had agreed at sentencing there was no dispute as to the career offender designation). Thus, the rationale of the *McBride* holding is not relevant here. Likewise, the waiver issues in *Smith v. Blackburn*, 632 F.2d 1194 (5th Cir. 1980), and *United States v. Troxler*, 390 F. App'x 363, 367 (5th Cir. 2010)—both cited in Brooks' reply, Doc. 37 at 5—did not involve an appeal/collateral attack waiver as in this case, hence those holdings are inapposite.

Consequently, Brooks' collateral remedy waiver bars his *Davis* claim.

C. **Miscarriage-of-Justice Exception Does Not Apply**

Finally, Brooks invokes the "miscarriage of justice" exception as basis for setting aside his otherwise valid collateral attack wavier. Doc. 37 at 4. He argues that "[e]nforcing the waiver would leave in place a conviction under an unconstitutional statute." Doc. 37 at 4. But the Fifth Circuit "has declined to explicitly adopt or reject [the miscarriage of justice] exception." *Burns*, 770 F. App'x at 191 (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (per curiam)). Still, because Brooks stands convicted under a statute that has been held unconstitutionally vague in *Davis*, and the Fifth Circuit has determined that *Davis* applies retroactively, there appears to be some extra-circuit support for the proposition that the collateral-attack waiver should not apply to bar his claims. *See Bonilla v. United States*, 07-CR-097, 2020 WL 489573, at *2 (E.D.N.Y. Jan. 29, 2020) (relying on miscarriage-of-justice exception to find appeal/collateral remedy waiver in plea agreement unenforceable based on *Davis* claim, granting Section 2255 motion and vacating Section 924(c) conviction); *see also United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (allowing defendant to challenge his sentence despite an appeal waiver based on the Supreme Court's ruling in *Johnson* and granting Section 2255 motion); *United States v. Torres*,

828 F.3d 1113 (9th Cir. 2016) (same).  Thus, the issue is debatable.[4]

Consequently, the Court concludes that Brooks' arguments should be rejected, but that he should be granted a certificate of appealability on the waiver issues in this case as set out *infra*.

### D.  Certificate of Appealability Should be Granted

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  The Rules Governing Section 2255 Proceedings instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings.  A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability "determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Moreover, to obtain a certificate of appealability when the district court has denied relief on procedural grounds, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In light of the Supreme Court's *Davis* opinion, Brooks' claims are "adequate to deserve

---

[4] The Court takes no position as to the merit of a miscarriage-of-justice exception under the facts of Brooks' case, if applied, noting only that his was not a Guidelines sentence, but one pursuant to a Rule 11(c)(1)(C) agreement of the parties for a specific aggregate term of 204 months, which represented a substantial departure below the advisory guideline range of 346-411 months, and that Brooks' guideline range without the Section 924(c) conviction of at least 262-327 months' imprisonment would still be substantially higher than his bargained-for sentence. *See* Crim. Doc. 1244-1 at 21-23, 46-47; U.S.S.G. § 2A4.1(b)(3).

encouragement to proceed further." *Id.* Under the facts of this case, jurists of reason would debate whether his motion raises a valid constitutional claim and whether this Court's ruling on the waiver issue is correct. Thus, Brooks should be granted a certificate of appealability on the collateral-remedy waiver claims in this case.

### III. CONCLUSION

For the foregoing reasons, the Section 2255 motion should be **DENIED** but a certificate of appealability should be **GRANTED** on the following issues: (1) whether the Government forfeited the right to invoke the post-conviction remedy waiver, (2) whether the waiver bars Brook's *Davis* claim, and (3) whether the waiver is unenforceable under the miscarriage-of-justice exception.

**SO RECOMMENDED** on March 2, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).